**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROSINA M. HAAGENSON, | No. 14-35175 |
| Plaintiff-Appellant, | D.C. No. 4:13 cv-0004 BMM |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted July 5, 2016[**]
Seattle, Washington

Before:    KLEINFELD, TASHIMA, and M. SMITH, Circuit Judges.

Rosina Haagenson appeals the district court's order affirming the

administrative law judge's ("ALJ") denial of benefits.  We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

28 U.S.C. § 1291, and we reverse and remand to the district court with instructions to remand to the ALJ for the calculation and award of benefits.[1]

**1.** The ALJ failed to provide "'specific, clear and convincing reasons for' rejecting the claimant's testimony regarding the severity of the claimant's symptoms." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (citation omitted). None of the ALJ's reasons for rejecting Haagenson's pain testimony is persuasive.

First, the evidence that Haagenson was laid off from her last job in 2009 for business reasons – prior to her alleged onset date of 2010 – has no bearing on either her credibility or the disability determination. Haagenson never denied she was let go for business reasons. More importantly, the reason for her termination is not inconsistent with her testimony that, after her wrist surgery in 2008, she struggled to keep up with her clerical and administrative duties.

---

[1] For some reason unknown to the panel, the entire Excerpts of Record are sealed, including the entire Administrative Record, as well as the Magistrate Judge's Findings & Recommendation and the District Court's Order Adopting the Findings & Recommendation, although these latter two documents are filed on the public record in the district court. Given this state of the record, we order that to the extent that any fact or information in the Administrative Record, the Magistrate Judge's Findings & Recommendations, and the Order Adopting the same are disclosed in this Memorandum, such disclosure shall be deemed to constitute an order lifting the seal with respect to such disclosure.

Second, the ALJ improperly rejected Haagenson's testimony based on the fact that Haagenson did not take (and no doctor prescribed) any narcotic pain medication. In evaluating a claimant's allegations of pain, the ALJ must consider the claimant's "daily activities," "[t]reatment, other than medication," and "[a]ny measures [the claimant] use[s] to relieve [her] pain . . . ." 20 C.F.R. § 404.1529(c)(3). Haagenson sought relief from her pain by taking over-the-counter pain medication, regularly visiting her chiropractor, and restricting her movements and daily activities. There are many reasons why an individual may not seek out prescription narcotics (and why a physician may not prescribe them). On this record, Haagenson's failure to seek out one particular type of medication is not probative of the severity of her pain.

Finally, the ALJ improperly relied on Haagenson's treating physician's failure to restrict her activities, with the exception of a 20-pound lifting restriction. Dr. Avery had imposed the 20-pound limitation while Haagenson was working her previous job at a hospital, during which she injured her back lifting a patient. There was no need for Dr. Avery to impose an activity restriction in 2010 when she knew that Haagenson was no longer working and when Haagenson presented pain during the physical examinations and reported self-adjustments to her daily movements.

3

**2.** The ALJ erred by favoring the opinions of the two non-treating, non-examining state physicians over the opinion of Haagenson's treating physician. The overall medical record, which includes radiology reports, progress notes, Dr. Avery's treatment notes, an MRI, and a neurosurgeon's opinion, supports Dr. Avery's opinion that Haagenson cannot use her right hand to write or type and can only sit for 20 minutes at a time.

The opinions of the two state physicians do not contradict Dr. Avery's opinion. "When an examining physician relies on the same clinical findings as a treating physician, but differs only in his or her conclusions, the conclusions of the examining physician are not 'substantial evidence[]'" contradicting the opinion of the treating physician. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). Here, the two state physicians never even examined Haagenson, and they did not rely on any independent clinical findings in forming their opinions. Accordingly, their opinions do not constitute substantial evidence justifying the ALJ's rejection of Dr. Avery's opinion. *See Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995) ("[M]ore weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant. . . . The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection

of the opinion of either an examining physician or a treating physician." (citation omitted)).

3.      The ALJ also failed to provide germane reasons for rejecting the opinions of Haagenson's nurse and counselor, who constitute "other sources" that can provide evidence about the severity of Haagenson's impairments and how they affect her ability to work. *See* 20 C.F.R. § 404.1513 (explaining that evidence may come from "other sources" that do not qualify as "acceptable medical sources"); *see also Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) ("The ALJ may discount testimony from these 'other sources' if the ALJ 'gives reasons germane to each witness for doing so.'" (citations omitted)). The only reason that the ALJ offered for rejecting their opinions is that they are not "acceptable medical sources" within the meaning of the federal regulation. However, the regulation already presumes that nurses and counselors are non-acceptable medical sources, yet still requires the ALJ to consider them as "other sources."

4.      We remand for the calculation and award of benefits. *See Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). As explained, the ALJ failed to provide legally sufficient reasons for rejecting Haagenson's testimony, as well as the opinions of Haagenson's treating physician, nurse, and counselor. The record is fully developed and further administrative proceedings are unnecessary. During

5

the hearing, the vocational expert addressed hypotheticals incorporating Haagenson's limitations, based on her testimony and the improperly rejected opinions, and concluded that such individual would be unable to work. Thus, if the improperly discredited evidence were credited as true, the ALJ would be required to find Haagenson disabled on remand. *See id.* at 1022 n.28. On this record, there is no serious doubt that Haagenson is disabled and entitled to benefits.

**REVERSED and REMANDED for the calculation and award of benefits.**